UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ROBERT REITZ and DOUGLAS
PUNDSACK,

                   Plaintiffs,

            vs.                             Case No.: 1:20-cv-00196

CREDIT SYSTEMS OF THE FOX VALLEY,
INC.,

                   Defendant.

**COMPLAINT FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiffs, ROBERT REITZ ("REITZ") and DOUGLAS PUNDSACK ("PUNDSACK"), against Defendant, CREDIT SYSTEMS OF THE FOX VALLEY, INC. ("CSFV"), based on the following:

### I.    PRELIMINARY STATEMENT

1. This action arises from practices engaged in by Defendant when attempting to collect consumer debts that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors,

to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

4. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

5. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. The FDCPA is a strict-liability statute, which provides for actual or statutory damages upon the showing of one violation, regardless of any actual damages. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 876 (7th Cir. 2015).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000. *Id.*

11. Plaintiffs seek such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II. PARTIES

12. REITZ is a natural person who, at all times relevant to this lawsuit was a citizen of and resided in the City of Oshkosh, Winnebago County, Wisconsin.

13. PUNDSACK is a natural person who, at all times relevant to this lawsuit, was a citizen of and resided in the City of Appleton, Outagamie County, Wisconsin.

14. CSFV is a for-profit corporation formed under the laws of the state of Wisconsin.

15. On information and belief, CSFV maintains its principal place of business at 630 South Green Bay Road, Neenah, Wisconsin. Its registered agent for service in Wisconsin is Patrick D. Rohrer, 603 South Green Bay Road, Neenah, Wisconsin 54956.

### III. JURISDICTION & VENUE

16. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

17. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendant is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS RELATING TO REITZ

18. CSFV regularly engages in the collection of defaulted consumer debts.

19. CSFV regularly collects or attempts to collect debts alleged to be owed to others.

20. CSFV is a business the principal purpose of which is the collection of defaulted consumer debts.

21. In attempting to collect debts, CSFV uses the mail, telephone, Internet, and other instruments of interstate commerce.

22. CSFV mailed or caused a letter to be mailed on February 8, 2019 (the "Reitz Letter") to REITZ.

23. A true and correct copy of the Letter is attached as *Exhibit A*, except that portions of the Reitz Letter are redacted.

24. The Reitz Letter alleged REITZ had incurred and defaulted on a financial obligation (the "Reitz Debt") owed to ThedaCare, Inc.

25. The alleged Reitz Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, namely medical services

26. The Reitz Debt was placed with CSFV for purposes of collection.

27. The Reitz Letter was the first written communication from CSFV in its attempt to collect the Reitz Debt from REITZ.

28. The Reitz Letter stated the Amount Due was $20.00.

### V. FACTS RELATING TO PUNDSACK

29. CSFV mailed or caused to be mailed a letter dated March 20, 2019 (the "Pundsack Letter") to PUNDSACK.

30. A true and correct copy of the Pundsack Letter is attached as *Exhibit B*, except that portions of the Pundsack Letter are redacted.

31. The debt alleged in the Pundsack Letter arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transaction were primarily for personal, family, or household purposes, namely medical services.

32. The Pundsack Debt was placed with CSFV for the purpose of collection.

33. The Pundsack Letter stated the Amount Due was $125.00

### VI. FACTS RELATING TO REITZ AND PUNDSACK

34. The Reitz Letter and the Pundsack Letter (collectively the "Letters") included the following identical statements:

> The **ENTIRE BALANCE** is due and payable to our office.
> Avoid errors and protect your CREDIT RECORD.
>
> (emphasis in original.)

Page **5** of **8**
Case 1:20-cv-00196-WCG   Filed 02/07/20   Page 5 of 8   Document 1

35. The quoted statements imply to the unsophisticated consumer that, if the debt were not paid promptly, CSFV would report the debt to a credit reporting agency.

36. In REITZ's case, that implication was false. As of November 27, 2019, almost ten months later, Reitz had still not payed the Debt but CSFV was not reporting the debt to a credit reporting agency.

37. In PUNDSACK'S case, that implication was also false. As of October 22, 2019, seven months later, Pundsack had still not payed the Debt but CSFV was not reporting the debt to a credit reporting agency.

38. CSFV's false statement about credit reporting are material because it influences the unsophisticated consumer's decision to pay the debt.

39. It influences the unsophisticated consumer's decision to promptly pay the debt, instead of first disputing it, because a delayed payment would result in the debt being negatively reported to the credit reporting agencies.

40. CSFV's false statement about credit reporting is material, deceptive, and misleading because it fails to accurately and in a non-misleading manner explain the circumstances under which debts will be reported to credit reporting agencies.

### VII. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

42. CSFV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

43. REITZ is a "consumer" as defined by 15 U.S.C. § 1692a(3).

44. PUNDSACK is a "consumer" as defined by 15 U.S.C. § 1692a(3).

45. The Reitz Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

46. The Pundsack Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

47. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

48. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

49. The use and mailing of Plaintiffs' Letters by CSFV violated the FDCPA in one or more following ways:

   (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e including, but not limited to violations of §§ 1692e(2), e(5), e(8) and e(10); and,

   (b) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f.

## VIII. PRAYER FOR RELIEF

50. WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

   (a) An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   (b) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   (c) An award of actual damages to Plaintiffs to the extent the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiffs; and,

   (d) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

51. Trial by jury is demanded on all issues so triable.

Dated: February 7, 2020

                *s/Francis R. Greene*
                *Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
Katelyn B. Busby (AR Bar #2014155)
   *Attorneys for Plaintiffs, Douglas Pundsack and Robert Reitz*
STERN•THOMASSON LLP
3010 South Appleton Road
Menasha, Wisconsin 54952
Telephone (973) 379-7500
E-mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Katelyn@SternThomasson.com