UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT REITZ, DOUGLAS PUNDSACK, and
JULIE ROELLCHEN, individually and on behalf
of all other similarly situated,

                Plaintiff,

                v.                                          Case No. 20-C-196

CREDIT SYSTEMS OF THE FOX VALLEY, INC. and
CREDIT SERVICE INTERNATIONAL CORPORATION,

                Defendants.

---

**DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

---

Plaintiffs Robert Reitz, Douglas Pundsack, and Julie Roellchen filed this lawsuit on behalf of themselves and all those similarly situated against Defendants Credit Systems of the Fox Valley, Inc. (CSFV) and Credit Service International Corporation, alleging that a statement contained in the debt collection letters Plaintiffs received concerning Plaintiffs' credit record is false and misleading under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA). In particular, Plaintiffs assert the statement that the letter's recipient should "avoid errors and protect your credit record" implies to the unsophisticated consumer that, if the debt were not paid promptly, CSFV would report the debt to a credit reporting agency and their credit records would be damaged. This matter comes before the court on Defendants' joint motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is denied.

## BACKGROUND

On February 7, 2020, Plaintiffs Robert Reitz and Douglas Pundsack filed a complaint against Defendant CSFV, asserting that a statement made in collection letters they had received was false and misleading. Dkt. No. 16 at 1. The statement read:

> \*\*\*This account has been listed with our office for **COLLECTION**\*\*\*
> The **ENTIRE BALANCE** is due and payable to our office. Avoid errors and protect your **CREDIT RECORD**.

Am. Compl. ¶ 44; Dkt. No. 16 at 2.

On April 22, 2020, Plaintiffs Reitz and Pundsack amended their complaint and added Julie Roellchen as a plaintiff and Credit Service International Corporation as a defendant. Dkt. No. 16 at 2. The debts at issue are relatively small medical debts allegedly owed to three Thedacare health care providers—Mr. Reitz allegedly owed $20, Mr. Pundsack $125, and Ms. Roellchen $45. Plaintiffs allege that the statement "protect your **CREDIT REPORT**" is false and misleading because it implies to the unsophisticated consumer that, if the debt were not paid promptly, CSFV would report the debt to a credit reporting agency and their credit records would be damaged, even though the debts were never reported to a credit reporting agency and there was no intent to do so. Am. Compl. ¶¶ 45, 51. Plaintiffs allege that the statement violates §§ 1692e and 1692f of the FDCPA. *Id.* ¶ 72.

## LEGAL STANDARD

A motion to dismiss tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is

accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ANALYSIS

The FDCPA is intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). A debt collector's communications are tested for compliance with the FDCPA under the "unsophisticated consumer" standard. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). Under this standard, the letter "must be clear and comprehensible to an individual who is 'uninformed, naive, [and] trusting,' but not without a rudimentary knowledge about the financial world or incapable of making basic deductions and inferences." *Id*. (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)). An unsophisticated consumer is not a "dimwit" who interprets letters "in a bizarre or idiosyncratic fashion" but is instead a person who possesses "reasonable intelligence." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc*., 211 F.3d 1057, 1060 (7th Cir. 2000)).

Plaintiffs allege that the "false threat" contained in the letters violates §§ 1692e and 1692f because it implies that if the debt was not paid promptly, CSFV would report the debt to a credit reporting agency and their credit records would be damaged. Since Defendants had no intention of reporting the nonpayment of the debt to a credit reporting agency, Plaintiffs contend that the statement violates § 1692e, which prohibits false or misleading representations in connection with the collection of a debt, and § 1692f, which prohibits unfair practices. Defendants, on the other hand, deny the letter contains any threat, express or implied, but merely urges the debtor to pay the debt, "avoid errors and protect your credit record."

3

The statement "The ENTIRE BALANCE is due and payable to our office," followed immediately by the statement "Avoid errors and protect your CREDIT RECORD," can be reasonably understood to suggest that if the debt is not paid, it will be reported to a credit reporting agency and damage the debtors' credit record. What else could the statement "protect your CREDIT RECORD" be intended to convey in this context? Yet, the complaint alleges that the implication of the statements is false in that even though Plaintiffs did not pay the debts, there was no report to a credit agency.

Literally, the defendants are correct. The letter does not make any express threat to report the debt to a credit reporting agency if it is not promptly paid. But the FDCPA prohibits not only false, but also deceptive and misleading, representations. § 1692e. Some courts have characterized statements such as the one at issue here as simply a reminder of "the well-known fact, recognized by all consumers, regardless of the degree of their sophistication, that a failure to pay one's bills will affect his ability to obtain credit in the future." *Wright v. Credit Bureau of Ga., Inc.*, 555 F. Supp. 1005, 1007 (N.D. Ga. 1983) (citing *Harvey v. United Adjusters*, 509 F. Supp. 1218, 1221 (D. Ore. 1981)). In the view of those courts, "such a message is neither false nor deceptive, but is a frank recognition of a fact of life." *Id.* at 1006; *see also Marion v. Nat'l Credit Sys., Inc.*, No: 6:15-cv-1856-Orl-22GJK, 2016 WL 8941213, at *3 (M.D. Fla. 2016); *Hipolito v. Alliance Receivables Mgmt., Inc.*, No. C-05-0842 JCS, 2005 WL 1662137, at *8 (N.D. Cal. 2005).

Plaintiffs allege, however, that what unsophisticated consumers assume about credit reports is not true—that the failure to pay small non-recurring debts which the debt collector has no intention of reporting to a credit bureau will not affect the debtor's credit record. The implied threat in the defendants' letter suggests otherwise, Plaintiffs contend, and thereby induces the debtor to pay the debt the defendants seek to collect ahead of others, nonpayment of which might

4

actually affect the debtor's credit score.  The implied threat, they contend, also competitively disadvantages other debt collectors who do not include such implied threats in their collection efforts.  If true, this would constitute a violation of § 1692e and perhaps § 1692f as well.

In *Johnson v. Enhanced Recovery Co., LLC*, 961 F.3d 975, 980 (7th Cir. 2020), the Seventh Circuit stated that "complaints alleging misleading communications under § 1692e are rarely subject to dismissal for failure to state a claim because in this circuit, whether a communication is false, deceptive, or misleading under the FDCPA is a question of fact."  Because "the requisite inquiries under § 1692e and § 1692f are necessarily fact-bound," proper application of Rule 12(b)(6) in most cases "will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard."  *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006).  A claim under § 1692e may be dismissed when it is clear from the face of the communication that no reasonable person, however unsophisticated, would be deceived by the allegedly false or misleading statement."  *Johnson*, 961 F.3d at 980–81.  But where it is at least plausible that a significant fraction of debtors would be misled by the communication, the case cannot be dismissed.  This is such a case.

## CONCLUSION

For the foregoing reasons, Defendants' joint motion to dismiss (Dkt. No. 16) is **DENIED**.  The Clerk is directed to set this matter on the court's calendar for Rule 16 scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
